## MARTIN v. GRAHAM.

*(Supreme Court, General Term, Second Department.   February 8, 1892.)*

ACTION—PRIVITY—RENT HELD SUBJECT TO IDENTIFICATION OF LANDLORD.
A tenant was about to pay rent to her landlord, when defendant took the money, stating that he would keep it until the landlord was identified. *Held*, that the landlord had no right of action against defendant.

Appeal from circuit court, Kings county.

Action by George H. Martin against Thomas Graham to recover rent, due plaintiff from a third person, held by defendant. Judgment for defendant. Plaintiff appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*J. Stewart Ross*, for appellant.   *Hays & Greenbaum*, for respondent.

BARNARD, P. J.   One Reuben P. Thompson rented to Susan McHenry the premises 27 East Twenty-Fourth street, New York, for one year from May 1, 1889, at the yearly rent of $1,700, payable monthly.   The rent payable for January, 1890, was to be $150.   On the 31st of December, 1889, the plaintiff purchased the premises from Thompson. · The lease was assigned with the premises.   The plaintiff applied to Mrs. McHenry for the rent, and it was agreed that a deduction of $10 be made.   Mrs. McHenry produced the money, and was about to pay it over, when the defendant reached over and took the money, saying that he was the friend of the lessee, and would keep the money until the plaintiff was identified; that when the plaintiff was identified he could have it.   The trial court ordered a nonsuit.   The claim of the plaintiff against the tenant was neither paid nor suspended.   There was no contract by the defendant that he would pay the rent due with the money given to him. The defendant could have been sued by the tenant at any time for the $140 he held subject to identification of the plaintiff as the purchaser of the premises.   No cause of action was therefore made out against the defendant. There was no privity of contract between him and the plaintiff.   He made no written agreement.   There was no consideration for any agreement upon defendant's part to pay the money to plaintiff when identified.   He merely held the tenant's money to await the identification of the plaintiff.   The judgment should therefore be affirmed, with costs.   All concur.